PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES ROBERTO,

        Plaintiff,

  -v-                                               21-CV-6538-FPG
                                                          ORDER
COUNTY OF ERIE, SHERIFF DEPUTY
MR. IMHOFF

        Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff, Charles Roberto, a prisoner currently incarcerated at Attica Correctional Facility, filed this civil rights action seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleged Defendant Sheriff Deputy Mr. Imhoff assaulted him in his cell, while he was confined at the Erie County Holding Center ("ECHC"), as more particularly described in the Complaint. Following review pursuant to 28 U.S.C. § 1915A, service was directed with respect to Plaintiff's excessive force claim, but the remainder of Plaintiff's Complaint was dismissed with leave to file an amended complaint.

Specifically, given Plaintiff's allegations concerning the lack of proper medical treatment following the alleged attack, the Court generously construed the Complaint to allege a failure to provide adequate medical care but found that Plaintiff had not plausibly alleged the personal involvement of any individual responsible for the alleged wrongs relating to his medical care. ECF No. 5 at 7. Plaintiff was granted leave to amend this claim. Plaintiff has filed an Amended Complaint. ECF No. 6. However, Plaintiff sets forth no facts concerning his medical care. For

the reasons set forth below, the Amended Complaint will be construed as a supplement to the Complaint, and service is directed.

## DISCUSSION

Under 28 U.S.C. § 1915A, this Court must screen this Amended Complaint. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

In evaluating a complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*: "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the

notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

The allegations of the Amended Complaint are assumed to be true, but set forth no new allegations and simply states, "see original pages." ECF No. 6 at 5. Instead of setting forth additional factual allegations to correct the shortfall of the Complaint, Plaintiff relies solely on the initial Complaint. The Court finds that Plaintiff has abandoned his medical claims, and they are therefore dismissed with prejudice. *Roberts v. Blowers*, 21-CV-6187 FPG, 2021 WL 2666816, at *2 n.2 (W.D.N.Y. June 28, 2021). Service was previously directed as to Plaintiff's excessive force claims, which are set forth in the initial Complaint. Therefore, the Amended Complaint will be construed as a supplement to the Complaint, and service will be directed on the excessive force claims as initially ordered.

**ORDER**

IT HEREBY IS ORDERED that Plaintiff's medical claims are dismissed with prejudice;

FURTHER, because Plaintiff paid the filing fee, he is responsible for service of the Summons, Complaint, Amended Complaint and this order on Defendant Sheriff Deputy Imhoff. The Court notes that Plaintiff is an inmate of a correctional facility who is proceeding *pro se*, and thus he may wish to request service by the United States Marshals Service at a nominal cost, as explained in the attached information. Should Plaintiff choose to do so, he should utilize the attached Application for an Order Directing Service by the United States Marshals Service. The Clerk of Court is directed to issue the Summons and send it to Plaintiff together with this Order and an Application for an Order Directing Service by the United States Marshals Service.[1]

---

[1] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, *see* Fed. R. Civ. P. 12(a)-(b}, if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.

FURTHER, that upon service, pursuant to 42 U.S.C. § 1997e(g), Defendant Sheriff Deputy Mr. Imhoff is directed to answer the Complaint;

FURTHER, that the Clerk of Court is directed to forward a copy of this Order, the Complaint and the Amended Complaint to Erie County Attorney's Office, Department of Law, 95 Franklin Street, Rm 1634, Buffalo, New York 14202.

SO ORDERED.

                                                                                      Frank P. Geraci, Jr.
                                                                                  United States District Judge

DATED:      May 4, 2022
                  Rochester, NY