UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES ROBERTO,

                              Plaintiff,

                                                                                  Case # 21-CV-6538-FPG

v.

                                                                                  ORDER TO SHOW CAUSE

DEPUTY IMHOFF, et al.,

                              Defendants.
_____

        On August 16, 2021, Plaintiff Charles Roberto commenced this action alleging that Defendant Deputy Imhoff violated his civil rights in connection with his confinement at the Erie County Holding Center. ECF No. 1. On August 18, 2021, the Prisoner Pro Se Packet was mailed to Plaintiff. After initial screening of Plaintiff's complaint, Plaintiff was granted leave to file an amended complaint. ECF No. 5. On April 6, 2022, Plaintiff filed an amended complaint. ECF No. 6. After a second screening, on May 4, 2022, the Court directed Plaintiff's excessive force claims to proceed to service, and stated the following:

> "[B]ecause Plaintiff paid the filing fee, he is responsible for service of the Summons, Complaint, Amended Complaint and this order on Defendant Sheriff Deputy Imhoff. The Court notes that Plaintiff is an inmate of a correctional facility who is proceeding *pro se*, and thus he may wish to request service by the United States Marshals Service at a nominal cost, as explained in the attached information. Should Plaintiff choose to do so, he should utilize the attached Application for an Order Directing Service by the United States Marshals Service. The Clerk of Court is directed to issue the Summons and send it to Plaintiff together with this Order and an Application for an Order Directing Service by the United States Marshals Service."

ECF No. 7 at 3.

        The Clerk of Court mailed Plaintiff the above referenced documents and materials on May 4, 2022. To date, Plaintiff does not appear to have completed the application for service by the United States Marshals Service, or otherwise caused Defendant to be served. Since May 4, 2022, no activity has occurred in this case. Consequently, the Court issues this Order to Show Cause.

Federal Rule of Civil Procedure 4(m) provides that: "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  "[A] party must be given notice and an opportunity to show cause as to why the action should not be dismissed before a court *sua sponte* dismisses a complaint for failure to serve, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure."  *Charles v. County of Nassau*, 116 F. Supp. 3d 107, 113 n.7 (E.D.N.Y. 2015) (citing *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012)); *see Dicks v. Chow*, 382 F. App'x 28, 30 (2d Cir. 2010) (summary order) (affirming *sua sponte* dismissal for failure to serve where "the claim was dismissed over a year after the filing of the amended complaint, the court provided notice that the unserved defendants would be dismissed, and [the plaintiff] has never asserted any good cause for his failure to effect service").

Because Plaintiff does not appear to have completed the application for service by the United States Marshals Service, or otherwise caused Defendant to be served, Plaintiff is hereby **ordered to respond in writing by March 22, 2024** to show cause as to why this case should not be dismissed for failure to serve Defendant within 90 days of the filing of his complaint, pursuant to Federal Rule of Civil Procedure 4(m).  <u>If Plaintiff fails to respond to this order by March 22, 2024, the Court may treat his noncompliance as a failure to serve and may dismiss this action without prejudice pursuant to Rule 4(m)</u>.  *See Smalls v. City of New York*, No. 15-CV-3017 (RRM) (RLM), 2019 WL 1243823, at *4 (E.D.N.Y. Mar. 18, 2019); *see also Smith v. Ford Motor Co.*, No. 07-CV-422S, 2009 WL 2448472, at *2 (W.D.N.Y. Aug. 7, 2009) ("To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay.").

The Court will send Plaintiff, by certified mail, a copy of this order.

IT IS SO ORDERED.

DATED: Rochester, New York
March 5, 2024

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York