UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

CHARLES ROBERTO,

                                  Plaintiff,                    Case # 21-CV-6538-FPG

v.

                                                                   DECISION & ORDER

ERIE COUNTY HOLDING CENTER, *et al.*,

                                  Defendants.
───────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Charles Roberto ("Plaintiff") brings this civil rights action against Defendant Sheriff's Deputy Imhoff ("Defendant") pursuant to 42 U.S.C. § 1983. ECF Nos. 1, 6. Plaintiff's claim arises out of an allegation of excessive force. Presently before the Court is Defendant's motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 37. For the reasons that follow, Defendant's motion is DENIED.

## LEGAL STANDARD

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions,

1

deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (internal quotation marks and citation omitted). "[O]n a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Sarikaputar v. Veratip Corp.*, 371 F. Supp. 3d 101, 104 (S.D.N.Y. 2019) (citing *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011)).

## BACKGROUND

The following facts are taken from the complaint (ECF No. 1) and the supplement to the complaint (ECF No. 6), unless otherwise noted.[1] Plaintiff alleges that while incarcerated at Erie County Holding Center ("ECHC") on June 29, 2021, he was told he would be moving cells and was ordered to gather his personal belongings to bring to his new cell. ECF No. 1 at 6. Plaintiff tried to explain to Defendant Sheriff's Deputy Imhoff that he could not lift anything because he was recovering from surgery and was in "extremely horrible body pain." *Id.* Defendant ordered Plaintiff to be immediately locked into his cell. *Id.* As Plaintiff began closing his cell door, Defendant used his hand to stop the door from closing. *Id.* Plaintiff asked Defendant, "what seem[ed] to be the problem[?]" *Id.* Defendant then pushed and punched Plaintiff in the head, causing him to fall onto his bed. *Id.* Plaintiff "yell[ed]" and "begg[ed]" for Defendant to stop. *Id.* Plaintiff moved into a fetal position while Defendant continued "assaulting" him. *Id.* Defendant radioed a response team who, upon arrival, handcuffed Plaintiff's hands behind his back. *Id.* Another deputy put his knee on Plaintiff's back, ignoring Plaintiff's yells that he was in a lot of

---

[1] Although Plaintiff's filing was docketed as an "Amended Complaint" (ECF No. 6), the Court, in its second screening order, determined that it would construe such filing as a "supplement to the [initial] Complaint." ECF No. 7 at 3.

pain and could not breathe. *Id.* Plaintiff was taken to medical, and he told medical staff he was in "a lot of pain and [that] [his] nose hurt extremely bad." *Id.* Plaintiff asked to go to the emergency room, but his request was denied. *Id.* Plaintiff requested an ice pack and pain medication, which was also denied. *Id.* About three weeks later, Plaintiff was taken to the hospital due to his injuries and was told that his nose was broken and that he needed surgery to have it fixed. *Id.* at 6-7. Plaintiff filed a grievance but never received a response to it. *Id.* at 9.

In August 2021, Plaintiff brought the instant action in this Court. ECF No. 1. In his initial complaint, Plaintiff raised claims against the County of Erie and Sherriff Deputy Imhoff. *Id*. In February 2022, after screening pursuant to 28 U.S.C. § 1915A, this Court found Plaintiff's excessive force claim against Defendant Imhoff sufficient to proceed to service. ECF No. 5 at 6. In that same order, this Court dismissed all claims against the County of Erie, including a claim for inadequate medical care, but granted Plaintiff leave to amend his complaint. ECF No. 5. In April 2022, Plaintiff filed an amended complaint. ECF No. 6. In its second screening order pursuant to 28 U.S.C. § 1915A, this Court dismissed the inadequate medical care claims against the County of Erie with prejudice because Plaintiff had not added any new facts. ECF No. 7. The Court determined it would construe the amended complaint (ECF No. 6) as a supplement to the initial complaint (ECF No. 1). *Id.* at 2.

## DISCUSSION

Defendant now moves for judgment on the pleadings pursuant to Rule 12(c). ECF No. 37-2. He argues that the case should be dismissed for the following reasons: (1) the amended complaint was untimely; (2) the County of Erie cannot be held liable; (3) the allegations do not

3

satisfy federal pleading standards; and (4) Plaintiff conceded that he had not exhausted his administrative remedies. *Id.* The Court discusses each of Defendant's arguments below.[2]

### I. Timeliness

First, Defendant appears to argue Plaintiff's complaint was untimely for two reasons: (1) Plaintiff failed to amend his complaint within the deadline provided by the Court; and (2) Plaintiff did not commence his action within one year, as required by New York Civil Practice Law & Rules ("NYCPLR") § 215(1). *Id.* at 4. The Court addresses both arguments below.

#### a. Amending the Complaint within the Court's Deadline

Defendant argues that because Plaintiff failed to file his amended complaint within the deadline that this Court provided, sixty days from February 1, 2022, Plaintiff's complaint must be dismissed. *Id.* The Court disagrees with Defendant and finds Plaintiff's filing was timely.

The prison mailbox rule creates an exception to certain filing deadlines for plaintiffs who are incarcerated and unrepresented. *Houston v. Lack*, 487 U.S. 266, 270 (1988). "Unlike other litigants, the *pro se* prisoner litigant cannot personally ensure receipt of his legal documents by the court clerk." *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (holding that the prison mailbox rule applies in civil complaints filed by *pro se* litigants). Under the prison mailbox rule, a document is deemed filed on the date it is turned over to prison officials for mailing. *Id.* "[D]istrict courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) (collecting cases).

---

[2] Defendant also moves to dismiss "All Claims of Negligence." ECF No. 37-2 at 2. It is unclear to this Court why Defendant has moved to dismiss all claims of negligence when Plaintiff did not allege any instances of negligence. Thus, the Court will not discuss this argument further.

Here, on February 1, 2022, this Court granted leave for Plaintiff to file an amended complaint within sixty days (ECF No. 5 at 8), and therefore Plaintiff had until Monday, April 4, 2022 to file his amended complaint.[3] Plaintiff's filing, which this Court has construed as a supplement to his initial complaint (ECF No. 6), was dated March 27, 2022 (ECF No. 6 at 10), and so this Court assumes that Plaintiff provided it to prison officials that same day for mailing. *See Hardy*, 162 F. App'x at 62 (summary order) (collecting cases). Under the prison mailbox rule, this Court deems Plaintiff filed his paperwork on March 27, 2022, which was before the April 4, 2022 deadline. This Court rejects Defendant's argument to the contrary and finds Plaintiff's filing was timely.

    b.  Timeliness under NYCPLR § 215(1)

Next, Defendant appears to argue that Plaintiff's amended complaint was untimely under NYCPLR § 215(1), which calls for a one-year statute of limitations. ECF No. 37-2 at 4. However, the one-year statute of limitations under NYCPLR § 215(1) does not apply to actions brought under 42 U.S.C. § 1983; rather, a three-year statute of limitations applies. *Taylor v. Mayone*, 626 F.2d 247, 253 (2d Cir. 1980). Here, Plaintiff brings a claim of excessive force under 42 U.S.C. § 1983 against Defendant. ECF No. 1. Because this claim was brought within three years, there is no merit to Defendant's argument.

**II.    The County of Erie's Liability**

Second, Defendant argues that the County of Erie cannot be held liable. ECF No. 37-2 at 5-7. In its first screening order, this Court dismissed all claims against the County of Erie and

---

[3] Under Fed. R. Civ. P. 6(a)(1)(c), if a filing deadline lands on a weekend or legal holiday, the party has until the following day that does not land on a weekend or legal holiday to file. Because sixty days from February 1, 2022 was Saturday, April 2, 2022, a weekend, Plaintiff's amended complaint was due April 4, 2022.

granted leave for Plaintiff to amend his complaint. ECF No. 5 at 5, 8. In his amended complaint, which this Court construes as a supplement to the complaint (ECF No. 6), Plaintiff did not add any new information regarding his claims against the County of Erie. Therefore, Plaintiff's claims against the County of Erie remain dismissed.

### III.     The Complaint

Third, Defendant argues the complaint does not satisfy the pleading standards under *Iqbal*, 556 U.S. at 664, because it is conclusory and not sufficiently specific. ECF No. 37-2 at 7-8. To support his argument, Defendant quotes language that he attributes to "Docket 6," or Plaintiff's supplement to his complaint. *Id.* at 7. However, the cited language does not appear anywhere in Plaintiff's filings. Defendant refers to Plaintiff by the wrong name and discusses purported claims involving "willful and deliberate indifference . . . [that] directly led to his death," which Plaintiff certainly did not allege. *See id.* Defendant also argues that the complaint is deficient because it "d[id] not specify any specific act attributed to Defendant." *Id*. However, Plaintiff alleges several factual allegations involving Defendant (ECF No. 1 at 6-7), which the Court has summarized above. As such, the Court concludes there is no merit to this argument.

Defendant also argues that the original complaint no longer had any effect once Plaintiff filed the amended complaint, and since the amended complaint does not sufficiently allege unconstitutional actions, the action should be dismissed. ECF No. 37-2 at 7-8. However, in its second screening order, this Court acknowledged that Plaintiff's Amended Complaint set forth no new allegations and thus determined it would construe the amended complaint as a supplement to the original complaint. ECF No. 7. Therefore, there is no merit to Defendant's argument.

6

### IV. Exhaustion of Administrative Remedies

Fourth, Defendant alleges that "Plaintiff concede[d] that he did not exhaust his administrative remedies," as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). ECF No. 37-2 at 8. The PLRA requires a "prisoner confined in any jail, prison, or other correctional facility" to exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 578 U.S. 632, 639 (2016) (holding that exhaustion is "mandatory"). "The PLRA exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). A prisoner must use the available grievance procedures, "regardless of whether the relief sought is offered through those procedures." *Espinal*, 558 F.3d at 124 (citation omitted); *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012). Thus, to properly exhaust administrative remedies, a prisoner must use "all steps that the [government] agency holds out. . . ." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)).

Failure to exhaust administrative remedies is an affirmative defense under the PLRA, and, as such, Defendant bears the initial burden of establishing that a grievance process exists. *Hubbs v. Suffolk Cnty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015). A defendant meets such initial burden of "establishing, by pointing to legally sufficient sources such as statutes, regulations, or grievance procedures, that a grievance process exists and applies to the underlying dispute." *Id.* (cleaned up).

Here, Defendant presents a single sentence to support his argument as to why he believes Plaintiff failed to exhaust his administrative remedies. ECF No. 37-2 at 8. Defendant states, "Plaintiff concedes that he did not exhaust his administrative remedies prior to suit as required by [PLRA]." ECF No. 37-2 at 8. This is not entirely accurate. Plaintiff writes in his complaint that he "was not able to appeal [because he] never receive[d] a respon[se] back from the previous grievance." ECF No. 1 at 9. But moreover, Defendant does not make any attempt to point to a statute, regulation, or grievance procedure to demonstrate that a grievance process or an appeals process existed for Plaintiff. Without such information, Defendant has not met his initial burden in raising this affirmative defense. Thus, the Court rejects this argument.

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings (ECF No. 37) is DENIED.

IT IS SO ORDERED.

Dated: January 29, 2026
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York