UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHARLES ROBERTO,

Plaintiff,

v.

ERIE COUNTY HOLDING CENTER, *et al.*,

Defendants.

Case # 21-CV-6538-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiff Charles Roberto ("Plaintiff") brings this civil rights action against Defendant Sheriff's Deputy Imhoff ("Defendant") pursuant to 42 U.S.C. § 1983. ECF Nos. 1, 6. Defendant moves for summary judgment. ECF No. 64. Plaintiff responded to the motion. ECF No. 67. For the reasons that follow, Defendant's motion is DENIED.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (citation omitted).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). This does not mean, however, that a *pro se* litigant is excused from following the procedural requirements of summary judgment. "[A] *pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

Where "a summary judgment motion is unopposed, uncontroverted facts in the moving party's statement pursuant to Local Rule 56.1 are deemed admitted." *Siler v. Walden*, No. 20-CV-05794, 2023 WL 3871999, at *4 (S.D.N.Y. June 7, 2023) (internal quotations omitted), *reconsideration denied*, 2023 WL 5152701 (July 21, 2023); *see also Fate v. Petranker*, No. 19-CV-5519, 2022 WL 2672317, at *1 (S.D.N.Y. July 8, 2022) ("Statements made by [d]efendant that are supported by admissible evidence and not refuted by [p]laintiff are deemed admitted."). Nevertheless, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004). "Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014); *Oliver v. Gilmore*, No. 13-CV-490A, 2014 WL 6387352, at *4 (W.D.N.Y. Nov. 14, 2014) ("This Court cannot automatically grant summary judgment merely upon an opponent's failure to respond to a

movant's statement of material facts, but if the record supports the unopposed statements of fact, summary judgment is appropriate.").

Moreover, *pro se* litigants "must be given extra latitude, particularly on a summary judgment motion." *Barrett v. Moody*, No. 19-CV-190, 2023 WL 2898310, at *6 n.4 (W.D.N.Y. Feb. 23, 2023), *report and recommendation adopted*, No. 19-CV-190, 2023 WL 2898659 (W.D.N.Y. Apr. 10, 2023) (internal quotations omitted); *Coley-Allen v. Strong Health*, 828 F. Supp. 2d 582, 584-85 (W.D.N.Y. 2011) ("While the motion is unopposed, the Court has nonetheless examined the record in detail, remaining mindful of the standards relevant to deciding a motion for summary judgment, and granting plaintiff every favorable inference as a *pro se* litigant, and as a non-movant."). "[A]n unopposed summary judgment motion in a *pro se* action may be granted where (1) the *pro se* litigant has received adequate notice that failure to file any opposition may result in the entry of summary judgment without trial, and (2) the court is satisfied that 'the facts as to which there is no genuine dispute show that the moving party is entitled to summary judgment as a matter of law.'" [1] *Taylor v. Consol. Rail Corp.*, 166 F. Supp. 2d 652, 654 (N.D.N.Y. 2001) (quoting *Champion v. Artuz,* 76 F.3d 483, 486 (2d Cir. 1996)); *Lue v. JPMorgan Chase & Co.*, 768 F. App'x 7, 10 (2d Cir. 2019) (summary order) ("Where a motion for summary

[1] Here, the Court informed Plaintiff of the deadline to file his opposition papers and that failure to do so would result in the motion being deemed unopposed and his complaint potentially being dismissed without trial. ECF No. 65. In addition, the Court informed Plaintiff in its scheduling order that he needed to submit a separate, short, and concise statement of the material facts as to which Plaintiff contends there is a genuine issue to be tried. *Id.* at 2. The Court further warned Plaintiff that without such a statement, all material facts set forth in Defendant's statement of material facts would be deemed admitted. *Id.* at 2. This order was mailed to Plaintiff. *Id.* Although Plaintiff did in fact oppose Defendant's motion for summary judgment, ECF No. 67, he did not respond to Defendant's Rule 56 statement. The Court concludes that it is satisfied that Plaintiff received adequate notice of the consequences of non-opposition to the motion for summary judgment and of not submitting a Rule 56 statement of material facts. *See Jackson v. Jackson*, No. 16-CV-08516, 2021 WL 981849, at *5 (S.D.N.Y. Mar. 16, 2021) (finding adequate notice where *pro se* plaintiff "was warned that failure to file an opposition would result in the [c]ourt concluding that the motion was unopposed"); *Taylor v. Consol. Rail Corp.*, 166 F. Supp. 2d 652, 654 (N.D.N.Y. 2001) (finding sufficient notice where the court "thoroughly explained both the procedures plaintiff should follow if he wished to proceed *pro se* and oppose the summary judgment motion, and the consequences that would result if plaintiff failed to timely submit opposition papers").

judgment is unopposed, summary judgment is proper only if the court is satisfied that the moving party has met its burden with sufficient support in the record evidence.").

**BACKGROUND**

Although Defendant filed a Rule 56 statement, ECF No. 66, Plaintiff did not submit his own separate, short, and concise statement of material facts as to which Plaintiff contended there was a genuine issue, *see* ECF No. 65 at 2. Plaintiff was put on notice through this Court's scheduling order that without such a Rule 56 statement, all material facts set forth in Defendant's Rule 56 statement would be deemed admitted. *Id.* at 1-2. Therefore, because Plaintiff did not file his own Rule 56 statement, Defendant's Rule 56 statement is deemed unopposed. However, the Court has nonetheless examined the record in detail and concluded that the following facts are undisputed to the extent described below.[2] *See Coley-Allen*, 828 F. Supp. 2d at 584-85 (W.D.N.Y. 2011).

The incident that gave rise to the present action occurred on June 29, 2021, at Erie County Holding Center ("ECHC"). ECF No. 66 ¶ 3; ECF No. 34-4 at 1. On that date, Plaintiff was a pre-trial detainee at the ECHC.[3] ECF No. 66 ¶ 3. Plaintiff was instructed by Defendant to move to a new housing location. *Id.* ¶ 5; *see* ECF No. 34-4 at 1. At some point, Plaintiff was back in his cell and holding a coffee cup in his hand. ECF No. 66 ¶ 5; ECF No. 34-4 at 1. There was then an altercation between Plaintiff and Defendant inside of Plaintiff's cell. ECF No. 66 ¶ 5; ECF No. 34-

[2] In his motion for summary judgment, Defendant only makes legal arguments as to the complaint and amended complaint and does not specifically reference any of the facts in his Rule 56 statement. ECF No. 64-2. Therefore, these facts are not relevant for deciding the merits of Defendant's argument. Nevertheless, the Court has included them to provide relevant context for the instant motion.

[3] In the Court's February 1, 2022, screening order, the Court presumed that Plaintiff was a pretrial detainee at the ECHC at the time of the incident as opposed to a sentenced prisoner. ECF No. 5 at 5. The Court continues to presume such. Although neither party has pointed to evidence in the record to show that Plaintiff was indeed a pretrial detainee, Defendant concedes that he was a pretrial detainee in his statement of undisputed material facts. ECF No. 66 at 2 ("[Plaintiff] was a pre-trial detainee at the [ECHC] on June 29, 2021 . . . .").

4 at 1. During the altercation, Defendant hit his body alarm. ECF No. 66 ¶ 5; ECF No. 34-4 at 1. Following the incident, no wound was noted to Plaintiff's face or nose, nor did Plaintiff lose consciousness. ECF No. 66 ¶ 6; ECF No. 34-1 at 634.

As for the other facts contained within Defendant's Rule 56 statement, the Court has reviewed the statement and concludes that it is largely based on language from an Erie County Sheriff's Office Jail Management Division Incident Report ("Incident Report"). *See* ECF No. 34-4 at 2-4. Upon examination of the Incident Report, it appears that some of the facts in Defendant's Rule 56 statement are in fact disputed. *See id* at 3-4. The Court briefly discusses the Incident Report to provide greater context.

The Incident Report contains two versions of the incident, as told separately by Defendant and Plaintiff. *Id.* at 4. In Defendant's version, after Defendant instructed Plaintiff to pack his belongings in order to move, Defendant refused, stating, "[Y]ou know what? Fuck this I'm not moving." *Id.* Defendant then ordered Plaintiff to lock into his room and escorted Plaintiff to his room. *Id.* As Plaintiff stepped into his room, Plaintiff suddenly threw his coffee cup to the ground, turned towards Defendant with his right arm cocked back to display a closed fist and stepped towards Defendant. *Id.* To evade what Defendant anticipated to be a punch by Plaintiff, Defendant lowered his shoulder into Plaintiff's stomach and drove him towards his bunk. *Id.* While the momentum of Defendant's body weight was taking them to Plaintiff's bunk, Plaintiff attempted to spin, resulting in him landing on his bunk chest first while Defendant landed on Plaintiff's back. *Id.* Defendant attempted to secure Plaintiff to his bunk by using his body weight and applying pressure to his back until the Facility Response Team arrived. *Id.*

In Plaintiff's version, Plaintiff was followed to his cell by Defendant, who suddenly punched him in the face upon entering his cell. *Id.* Plaintiff and Defendant then fell on the bunk and Defendant continued to punch Plaintiff until the response team arrived. *Id.*

On August 16, 2021, Plaintiff filed a complaint in this Court. ECF No. 1. In the Court's February 1, 2022, screening order, the Court allowed Plaintiff's Fourteenth Amendment excessive force claim against Defendant pursuant to 42 U.S.C. § 1983 to proceed. ECF No. 5 at 5. Plaintiff then filed an amended complaint on April 6, 2022. ECF No. 6. In the Court's May 4, 2022, screening order, the Court construed Plaintiff's amended complaint as a supplement to Plaintiff's original complaint. ECF No. 7 at 1-2. On August 27, 2025, Defendant then filed a motion for judgment on the pleadings, ECF No. 37, which this Court denied on January 29, 2026, ECF No. 50. On May 29, 2026, Defendant filed a motion for summary judgment, which is currently before this Court. ECF No. 64.

**DISCUSSION**

Plaintiff brings a Fourteenth Amendment claim for excessive force pursuant to 42 U.S.C. § 1983 against Defendant. Defendant argues that summary judgment is warranted because (1) Plaintiff "never articulated a specific alleged civil right or the manner in which a civil right is claimed to have been violated" in his amended complaint, ECF No. 64-2 at 4-5; and (2) Plaintiff only seeks punitive damages and has not alleged facts to support a finding for punitive damages, *id.*

**I. Amended Complaint**

Defendant first argues that summary judgment is warranted because Plaintiff "never articulated a specific alleged civil right or the manner in which a civil right is claimed to have been violated" in his amended complaint. *Id.* at 5. Defendant argues that an amended complaint

supersedes the original complaint and renders the original complaint as having no legal effect. *Id.* Thus, Defendant argues that because the Court must only consider the allegations in the amended complaint and because the amended complaint does not articulate a specific civil right that was violated, the amended complaint fails to state a claim. *Id.* at 4-5.

While the Court agrees that a plaintiff's amended complaint generally supercedes the original complaint, here, the Court explained in both its May 4, 2022, screening order, ECF No. 7 at 3, and in its January 29, 2026, Decision and Order, ECF No. 50, that it construed Plaintiff's amended complaint as a "supplement to the [initial] Complaint," ECF No. 7 at 3; ECF No. 50 at 2 n.1. Thus, because Defendant's argument is premised on the contention that the Court should only look to the amended complaint, ECF No. 64-2 at 4-5, the Court rejects this argument.

To the extent that Defendant is arguing that Plaintiff failed to state a claim because both Plaintiff's amended complaint and original complaint fail to articulate a specific alleged civil right or violation, ECF No. 64-2 at 5, the Court already determined in its January 29, 2026, Decision and Order that Plaintiff had indeed stated a claim in his pleadings, ECF No. 50. Therefore, the Court is not persuaded by this argument.

As such, summary judgment is not warranted on this basis.

**II. Punitive Damages**

Defendant next argues that summary judgment is warranted because Plaintiff only requests punitive damages and has not alleged facts to support a finding for punitive damages. ECF No. 64-2 at 4. Specifically, Defendant argues that Plaintiff has not sufficiently alleged malice or reckless disregard in his complaint or amended complaint to support punitive damages. *Id.* at 4-5. Defendant further argues that courts should award punitive damages "only with caution and within narrow limits." *Id.* at 5.

"As the Second Circuit has repeatedly instructed, a complaint filed *pro se* 'must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests.'" *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 298 (N.D.N.Y. 2019) (quoting *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013)). "This is particularly so when the *pro se* plaintiff alleges that h[is] civil rights have been violated." *Id.* (quoting *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012)).

Here, in detailing the relief he seeks, Plaintiff states that he is seeking "punitive damages in the amount of $9,200,000." ECF No. 6 at 5. Given that Plaintiff is *pro se*, the Court liberally construes Plaintiff's claim for relief as a request for punitive and compensatory damages. *See Encarnacion v. Olivo*, No. 9:21-CV-986, 2024 WL 896362, at *8 (N.D.N.Y. Mar. 1, 2024) (explaining that a failure to request a specific type of damages is "not fatal" because "*pro se* complaints are not held to the stringent standards expected of pleadings drafted by lawyers" (citation omitted)); *Diggs v. Robertson*, No. 16-CV-312, 2016 WL 6561387, at *3 (S.D.N.Y. Oct. 19, 2016) (construing *pro se* Plaintiff's request for money without any explanation as a request for compensatory damages for pain and suffering); *Reyes v. Reyes*, No. 11-CV-2536, 2012 WL 4058037, at *12 (E.D.N.Y. Sept. 14, 2012) (liberally construing *pro se* plaintiff's request for general damages as a combined request for compensatory and punitive damages). Therefore, the Court is not persuaded by Defendant's argument that Plaintiff's case must be dismissed because he only seeks punitive damages.

To the extent that Defendant is arguing that Plaintiff's request for punitive damages should be stricken even if the claim is not dismissed, ECF No. 64-2 at 4-5, the Court also rejects this argument. "Generally, the issue of whether to award punitive damages is an issue for the jury to decide based on an evaluation of plaintiff's proof of 'sufficiently serious misconduct.'" *Phelan ex*

*rel. Phelan v. Torres*, No. 4-CV-3538, 2005 WL 4655382, at *15 (E.D.N.Y. Sept. 20, 2005) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). To support his argument, Defendant cites to the proposition that municipalities are immune from punitive damages. ECF No. 64-2 at 5. However, that is irrelevant because Defendant is not a municipality; rather, Defendant is an Erie County Sheriff's Deputy. ECF No. 34-4 at 2-3. Defendant also claims that Plaintiff never articulated a specific civil right that was allegedly violated. ECF No. 64-2 at 5. However, as the Court has explained numerous times, Plaintiff has adequately pleaded a Fourteenth Amendment excessive force claim against Defendant.

Therefore, the Court concludes that Defendant is not entitled to summary judgment on this basis.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 64) is DENIED. The Court sets a status conference for January 20th at 2:00 PM to hear from the parties about the progress of this action.

IT IS SO ORDERED.

Dated: November 24, 2026
Rochester, New York

§

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York